Submitted on record and petitioner's brief February 18, reversed and remanded with instructions April 12, 1976

# SUTHERLIN EDUCATION ASSOCIATION,
*Petitioner,*

*v.*

# SUTHERLIN SCHOOL DISTRICT NO. 130, EMPLOYMENT RELATIONS BOARD, *Respondents.*

## (CA 5276)

548 P2d 204

Henry H. Drummonds and Kulongoski, Heid, Durham & Drummonds, Eugene, filed the brief for petitioner.

No appearance for respondent Sutherlin School District No. 130.

No appearance for respondent Employment Relations Board.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

The Sutherlin Education Association, the exclusive bargaining representative of the teachers in the Sutherlin School District, ORS 243.650(8), appeals from the decision of the Employment Relations Board (ERB) which held that a proposed subject for collective bargaining was a permissive and not a mandatory subject for bargaining.

The disputed subject is made up of three parts. The first deals with the authority of a teacher to require that a student see a specialist such as a counselor, psychologist or a physician. The second deals with the authority of a teacher to exclude a disruptive student from the classroom. The third deals with establishing a Student Behavior Study Committee which would recommend procedures for handling problem students.

This case reaches us in the same manner as did *Springfield Ed. Assn v. Sch. Dist.,* 24 Or App 751, 547 P2d 647 (1976). The school board refused to bargain over the subject in question and the education association filed an unfair labor practices complaint with ERB, alleging that the school district refused to bargain over a "condition of employment," ORS 243.650(7), i.e., a mandatory subject for bargaining. ORS 243.672(1)(e). ERB determined that the subject was not a mandatory subject and that the school board was therefore not required to bargain over this subject. The education association appeals that determination to this court.

In this case ERB apparently accepted the school district's argument that since the local school board is required by ORS 339.240(2) to adopt disciplinary rules consistent with the rules promulgated by the State Board of Education, ORS 339.240(1), it is not required to bargain over the three parts of this subject. As pointed out in *Springfield,* this reasoning will not support ERB's decision. True, the local board cannot agree to adopt rules inconsistent with the statewide rules, but we see no reason why this prevents it from bar-

gaining as to the content of its rules so long as the rules eventually promulgated are consistent with the statewide rules.

■ Similarly, we do not view the negotiation process as an illegal delegation of the local board's duties since the board is under no obligation to agree, only to bargain in good faith. *Springfield Ed. Assn v. Sch. Dist.,* supra at 760.

■■ Rather, the appropriate test to be applied in determining whether a proposed subject is a "condition of employment" and therefore a mandatory subject for bargaining is to balance the element of educational policy involved against the effect that the subject has on a teacher's employment. We indicated in *Springfield* that ERB is better suited to perform this balancing than is this court. Because of its reliance on improper reasoning as discussed above, ERB never engaged in this weighing and balancing process. Accordingly, we remand to ERB to allow it to do so.

Reversed and remanded with instructions.