Argued January 21, affirmed in part; reversed in part March 22, modified May 17, reconsideration denied July 14, petition for review denied September 21, 1976

SPRINGFIELD EDUCATION ASSOCIATION,
*Petitioner—Cross-Respondent,*

*v.*

SPRINGFIELD SCHOOL DISTRICT NO. 19,
*Respondent—Cross-Petitioner,*
EMPLOYMENT RELATIONS BOARD, *Respondent,*
SCHOOL DISTRICT NO. 1, MULTNOMAH
COUNTY, *Intervenors—Cross-Petitioners.*

(CA 4948)


EUGENE EDUCATION ASSOCIATION,
*Petitioner—Cross-Respondent,*

*v.*

EUGENE SCHOOL DISTRICT NO. 4J,
*Respondent—Cross-Petitioner,*
SCHOOL DISTRICT NO. 1, MULTNOMAH
COUNTY, *Intervenors—Cross-Petitioners.*

(CA 5135)


SOUTH LANE EDUCATION ASSOCIATION,
*Petitioner—Cross-Respondent,*

*v.*

SOUTH LANE SCHOOL DISTRICT NO. 45J3,
*Respondent—Cross-Petitioner,*
SCHOOL DISTRICT NO. 1, MULTNOMAH
COUNTY, *Intervenors—Cross-Petitioners.*

(CA 5134)

(3 cases consolidated)

549 P2d 1141

Henry H. Drummonds and Kulongoski, Heid, Durham & Drummonds, Eugene, for petition.

No appearance contra.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

Because of inconsistencies between our previous opinion in this case, *Springfield Ed. Assn v. Sch. Dist.,* 24 Or App 751, 547 P2d 647 (1976), and our opinion in *Sutherlin Ed. Assn v. Sch. Dist.,* 25 Or App 85, 548 P2d 204 (1976), and the need for harmonizing the two opinions, we granted the education associations' petition for reconsideration.

In *Sutherlin* we held that the Employment Relations Board (ERB) erred in holding that the statutory duty of a local school board to promulgate student discipline rules consistent with those promulgated by the State Board of Education necessitated a finding that a proposed subject for collective bargaining concerning student discipline was a permissive and not a mandatory subject for bargaining. *Sutherlin,* 25 Or App at 87. We stated that the proper test to be applied in determining whether a proposed subject is a mandatory or a permissive subject for bargaining is to weigh the element of educational policy involved against the effect that the proposed subject has on a teacher's employment. We then remanded to allow ERB to perform that balancing.

In our earlier opinion in this case we ruled that ERB erred in holding that a proposed subject for bargaining concerning student teacher contracts with the University of Oregon was a prohibited subject for bargaining. *Springfield,* 24 Or App at 760. We then balanced the element of educational policy involved against the effect that the subject has on a teacher's employment and concluded that the subject was a permissive subject for bargaining.

■ Upon reconsideration we conclude that it was not proper for this court to perform that balancing test. We should have remanded as we did in *Sutherlin.*

■ ERB ruled as it did because it was of the opinion that ORS 342.120(6), 342.155 and 342.980 amounted to legislative pre-emption of the area, precluding a

school board from negotiating as to the subjects covered by the noted statutes. As discussed in *Sutherlin,* statutes concerning a proposed subject do not preclude a local board from negotiating as to a subject covered by the statutes; they only preclude the board from agreeing to a proposal inconsistent with the statutes involved. *Sutherlin,* 25 Or App at 87.

Since ERB erroneously relied upon pre-emption in reaching its decision, it never balanced the element of educational policy involved with the effect on a teacher's employment. In *Sutherlin* we held that the proper procedure in such situations is for this court to remand to ERB to allow it to balance the interests involved. *Sutherlin,* 25 Or App at 88. We now modify our earlier opinion in this case and remand to allow ERB to do so.

■ In our earlier opinion we affirmed the decision of ERB that a proposed subject for bargaining involving teacher evaluations was only a permissive subject. The basis for ERB's decision was that the area of teacher evaluation was pre-empted by the enactment of ORS 342.850.

In their petition for reconsideration the education associations argue that this is inconsistent with our opinion in *Sutherlin.* We agree.

The statutory scheme relied upon by ERB requires that school districts evaluate teachers at least once a year. The education associations wish to negotiate for more frequent evaluations. While the statutory scheme would not allow the local board to agree to evaluations less frequent than required by ORS 342.850, the board could certainly agree to more frequent evaluations since the statute only sets a minimum. ORS 342.850 does not therefore have any effect on the negotiability of the proposal in question here.

As in the instances discussed above, ERB's erroneous reasoning prevented it from balancing the conflict-

ing interests involved. We therefore remand to allow it to do so.

Former opinion modified.