Argued September 28, affirmed November 8, 1976, reconsideration denied January 5, petition for review denied March 29, 1977

CENTRAL POINT SCHOOL DISTRICT NO. 6,
*Petitioner,*

*v.*

EMPLOYMENT RELATIONS BOARD et al,
*Respondents.*

(No. C-129-75, No. C-172-75, CA 6216)

555 P2d 1269

*Brian B. Mullen.* Medford, argued the cause for petitioner. With him on the brief were Ronald M. James, and Holmes, James & Clinkenbeard, Medford.

*Henry H. Drummonds,* of Kulongoski, Heid, Durham and Drummonds, Eugene, argued the cause and filed the brief for respondents.

Gary M. Bullock, Portland, filed a brief amicus curiae for Gresham Grade School District No. 4.

Edward C. Harms, Jr., and Harms & Harold, Springfield, filed a brief amicus curiae for Oregon School Boards Association.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner Central Point School District No. 6 (the district) seeks judicial review of an Employment Relations Board (ERB) order that the district grant certain teaching contracts and accrued rights to two nontenured (probationary) teachers.[1]

Respondent District 6 Education Association (the association) is the representative for a bargaining unit of certified (academic) employes of the school district. On June 11, 1974, the district and the association entered into a collective bargaining agreement for the 1974-75 school year. Article 3 of the agreement deals with employe grievances. It provides in part:

"Section I: Definition of a Grievance

"Grievance shall mean a complaint by an employee or group of employees:

"* * * * *

"2. That he (or they) has (have) been treated inequitably by reason of any act or condition which is contrary to established school policy or practice governing or affecting employes * * *."

Article 3 goes on to provide a six-level procedure for resolving grievances, the last being binding arbitration.

During the 1974-75 academic year the two teachers involved in this case were informed that their contracts would not be renewed for the 1975-76 year. Both filed grievances under the collective bargaining agreement, basing their grievances on Article 3, Sec. I, § 2 of the agreement, supra. They contended that: (1) the district had not followed established district policies and practices when it evaluated them for renewal; (2) noncompliance with these contract renewal policies and procedures was inequitable and affected them as employes; and (3) the grievance procedure, including binding arbitration, was thus available as a means of determining the validity of the decisions to not renew.

---

[1] Teachers who have not taught more than three years are "probationary teachers." *See* ORS 342.815(5) and (6).

Since both teachers taught with the district for three years before their nonrenewal, the grant of 1975-76 contracts would remove them from probationary status and, in effect, grant them tenure.

The grievances were processed through the first five levels of the grievance procedure without a resolution of the dispute. The teachers therefore requested binding arbitration. After cooperating in the selection of the arbitration board, the district initiated declaratory judgment proceedings and obtained a temporary restraining order against conducting arbitration.[2] However, the order was lifted after two days and an arbitration hearing, in which the district declined to participate,[3] was held. At this juncture the association filed an unfair-labor-practice complaint with ERB for failure to submit to arbitration, and the arbitration board ruled that the teachers in question should be awarded 1975-76 contracts.

The district refused to comply with the arbitration award. This refusal prompted the association to file a second unfair-labor-practice complaint with ERB. The second complaint alleged violation of ORS 243.672(1)(g) (failure to comply with a valid arbitration award).[4] The district did not file an answer to the complaint, and it did not appear at the hearing on the complaint. The board agent conducting the hearing concluded that: (1) the district's refusal to comply with the arbitration award was an unfair labor practice; and (2) the teachers were entitled to 1975-76 contracts

---

[2]The issues raised by the district in the declaratory-judgment action are essentially those raised in this petition for review.

[3]The district did appear specially by counsel in order to argue that the district has exclusive jurisdiction over matters of teacher renewal, and that the grievances were thus not arbitrable, but withdrew after the arbitration board elected to proceed.

[4]ORS 243.672(1)(g) provides:

"It is an unfair labor practice for a public employer or its designated representative to * * * [v]iolate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or accept the terms of an arbitration award * * *."

and all rights and benefits which would have accrued had their employment not been interrupted, including back pay and tenure.

On March 22, 1976, after a hearing at which all parties were represented, the ERB dismissed the first unfair-labor-practice complaint as moot, adopted the conclusions the board agent had reached after the hearing on the second complaint, and ordered the district to grant the teachers contracts and all accrued rights. This petition for review followed.

The district's petition raises the following question: To what extent, if any, can subjects relating to teacher retention lawfully be made subjects of binding arbitration under a collective bargaining agreement? We note here that this case does not involve an agreement to arbitrate disputes over a determination that, on the merits, a teacher is not performing satisfactorily.

The substance of the district's argument seems to be that it can validly bargain over matters concerning the process by which teacher-renewal decisions are made, but that it cannot validly agree to arbitrate disputes over whether the agreed process is being followed. In support of this argument, the district relies solely on ORS 342.835, which gives school boards the authority to dismiss or not renew probationary teachers. ORS 342.835(2) reads:

"The district board may, for any cause it may deem in good faith sufficient, refuse to renew the contract of any probationary teacher. However, the teacher shall be entitled to notice of the intended action by March 15, and upon request shall be provided a hearing before the district board. Upon request from the probationary teacher the board shall provide the probationary teacher a written copy of the reasons for the non-renewal, which shall provide the basis for the hearing."

Although this provision does not expressly prohibit arbitration of the subjects involved in this case, the district asserts that a legislative intent to create such a prohibition must be inferred from a recent amendment to ORS 342.835. The amendment guarantees

dismissed or nonrenewed probationary teachers the right to a hearing, and adds:

"* * * * *

"(3) If an appeal is taken from any hearing, the appeal shall be limited to:

"(a) The procedures at the hearing;

"(b) Whether the written copy of reasons for dismissal required by this section was supplied; and

"(c) In the case of nonrenewal whether notice of nonrenewal was timely given." ORS 342.835(3), Oregon Laws 1975, ch 727, p 1991.

The district argues that the legislature has limited the scope of review in appeals from these hearings to procedural matters because the ultimate responsibility for renewal decisions rests with the school district alone. Based on this argument, the district concludes that its agreement to arbitrate is invalid because it is tantamount to relinquishing control over teacher-renewal decisions.[5]

■ We are not persuaded by the district's argument. ORS 342.835(2) authorizes school boards to not renew a probationary teacher's contract. It does not indicate whether it is a proper exercise of this authority for a district's board to agree to arbitrate disputes over teacher-evaluation procedures. Nor does ORS 342.835(3) shed light on this issue. The narrow purpose of subsection (3) is to limit the scope of review in appeals from hearings authorized by ORS 342.835(1)

---

[5]The briefs of the parties and amici curiae in this case rely heavily on the decisions of other jurisdictions which have adopted legislation dealing with public-sector bargaining. These decisions are illuminating, but they are not relied on herein because the diversities of opinion they ostensibly reveal seem to primarily result from the differences in state statutory schemes. *See generally,* Metzler, *The Need for Limitations Upon the Scope of Negotiations in Public Education,* 2 J of Law-Educ. 139 (1973). For instance, Delaware had forbidden negotiating for binding grievance arbitration by teachers' associations and school boards. Metzler, supra at 142 and note 6. The absence of such a proscription in Oregon militates against the district's position. However, we will not refer to opinions construing such legislation as we examine Oregon's statutory scheme because the views of courts outside Oregon reflect legislative mandates which are inapplicable in this instance.

and (2)[6] We do not find that this procedural provision in any way reveals the legislature's intent regarding substantive issues such as the arbitrability of disputes over teacher-evaluation procedures. In short, while ORS 342.835 delineates certain general rights of district boards and probationary teachers in the dismissal and nonrenewal context, we must examine other legislation in order to determine whether binding arbitration is a proper means of exercising these rights.

■ Generally speaking, collective bargaining agreements between school districts and unions can provide for the arbitration of disputes. *See* ORS 243.706; Brodie, *Public Sector Collective Bargaining in Oregon,* 54 Or L Rev 337, 346-47 (1975). This court, however, has not previously considered whether, under the Public Employe Collective Bargaining Law,[7] school districts can agree to refer teacher-dismissal or -renewal matters to binding arbitration. We have held that such subjects are matters of "employment relations," as that phrase is used in ORS 243.656(5). *Springfield Ed. Assn v. Sch. Dist.,* 24 Or App 751, 760, 547 P2d 647, 25 Or App 407, 549 P2d 1141, Sup Ct *review denied* (1976). Accordingly, under *Springfield* a district's board is not required to bargain over dismissal or nonrenewal matters, but neither is it prohibited from doing so. We hold that ERB correctly determined that there is no constitutional or statutory proscription against agreements to arbitrate disputes over the application of agreed procedures relating to teacher renewal.

The district's board had no duty to bargain over matters relating to the process by which teacher-renewal decisions would be made, nor was it required

---

[6] We note that in this case no such hearings occurred. All hearings and proceedings were conducted pursuant to the grievance procedure set forth in the collective bargaining agreement.

[7] ORS 243.650 to 243.782.

to agree to arbitrate such matters. Having chosen to do so, it must now abide by the agreement it entered into.

Affirmed.