# FAIRVIEW HOSPITAL AND TRAINING CENTER, *Petitioner,*

## *v.*

## MOORE, *Respondent.*

## (No. 346, CA 5383)

560 P2d 671

W. Michael Gillette, Solicitor General, Salem, argued the cause for petitioner. With him on the brief was Lee Johnson, Attorney General, Salem.

John S. Irvin, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Fairview Hospital and Training Center, a public employer, suspended respondent, one of its employes, for three days without pay based on a charge of "Misconduct, in accordance with ORS 240.555."[1] The letter of suspension to respondent stated the supporting facts to be:

"* * * On 5-10-75, a [psychiatric aide] on graveyard [shift] found you asleep in the linen room. On 5-12-75, a [psychiatric aide] on graveyard found you asleep on a resident's bed in Ward III after looking for you for some 45 minutes."

Respondent sought review by the Employment Relations Board which, after a hearing, ordered: "The suspension action is set aside." Fairview appeals, seeking to have respondent's suspension reinstated.

A minor issue involves a defect in ERB's "findings of fact," which recite:

"* * * Mrs. Nina Hill * * * was on duty the night of May 10, 1975 and testified that she found [respondent, Mrs. Moore] asleep in a rocking chair in the linen room of Ward 4 * * *.

"[Respondent, Mrs. Moore] denied having been found either asleep or in a rocking chair by Mrs. Hill on the night of May 10, 1975."

The "findings" reach no conclusion about whose testimony was believed. This was error. Mere summaries of the testimony are not sufficient findings of fact. *Graham v. OLCC,* 20 Or App 97, 530 P2d 858 (1975).

We conclude, however, that this defect in the findings does not require remand because we agree with ERB's analysis of the major issue—whether, on

---

[1] ORS 240.555(1) provides:

"The division shall establish by rule a procedure in accordance with this chapter whereby the appointing authority in any division of the service may suspend, reduce, demote or dismiss an employe thereof for misconduct, inefficiency, incompetence, insubordination, indolence, malfeasance or other unfitness to render effective service."

the facts of this case, falling asleep at work constitutes "misconduct" within the meaning of ORS 240.555(1).

■ ERB did explicitly find that respondent fell asleep "or passed out" at work on May 12; we can assume for purposes of discussion that ERB made a similar finding as to the May 10 incident. ERB further found that during this period respondent "had a series of illnesses" for which she was taking medication, and that her falling asleep at work "was caused by a medical problem."[2]

Against this factual background, the question before ERB became whether falling asleep at work due to a medical problem constitutes misconduct within the meaning of ORS 240.555. ERB concluded that it did not, apparently reasoning that misconduct connotes at least some degree of volitional conduct on an employe's part.

■ We agree with ERB's apparent interpretation of ORS 240.555(1) for three reasons. First, the plain meaning of misconduct includes the element of "intentional wrongdoing." Webster's Third New International al Dictionary 1443 (unabridged 1971). Second, under the statute misconduct is one of several grounds for employe discipline, others being, for example, "indolence" and "unfitness to render effective service"; if inability to perform due to a medical problem were misconduct, these additional enumerated grounds for discipline would be superfluous.[3] Third, misconduct is not defined in the merit system statutes, and we tend to defer to ERB's interpretation of the statutes it

---

[2]ERB was the proper tribunal to make these factual determinations. *Fairview Hospital v. Stanton,* 28 Or App 643, 550 P2d 667 (1977).

[3]During the hearing, it was suggested that the charge against respondent be changed from misconduct to unfitness to render effective service. ERB ruled that the employer could not "change the charge against the employe during the course of the hearing." This ruling is not challenged on appeal.

administers absent evidence of legislative intent to the contrary.[4] We perceive no such intent.

■ In this court, Fairview for the first time argues that respondent was guilty of misconduct, i.e., intentional wrongdoing, for *going* to work knowing that her medical problems and/or medication made it likely she would fall asleep at work. However, the charge that respondent was notified of and defended against was *falling asleep* at work. The change in Fairview's theory comes too late. *See also,* n 3, *supra.*

Affirmed.

---

[4] *Sutherlin Ed. Assn. v. Sch. Dist.,* 25 Or App 85, 548 P2d 204 (1976); *Springfield Ed. Assn v. Sch. Dist.,* 24 Or App 751, 547 P2d 647, 25 Or App 407, 549 P2d 1141, Sup Ct *review denied* (1976).