Argued April 29, affirmed June 1, former opinion adhered to and reconsideration denied July 25 (30 Or App 245, 567 P2d 125), petition for review denied October 11, 1977

## SMITH et al, *Appellants,*

*v.*

## PEET et al, *Respondents,*

## VOLLMER, *Intervenor-Appellant.*

## (No. A 76-01-01313, CA 6705)

564 P2d 1083

Kent B. Thurber, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for appellants and intervenor-appellant. With him on the brief was Robert Johnstone, Multnomah County Legal Aid, Portland, for appellants.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Kathryn V. Kelty, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

Plaintiffs appeal from an order of the circuit court denying their motion for summary judgment and granting defendants' cross-motion for summary judgment.

The issue on appeal is whether ORS 411.710(1) requires general assistance to be granted by the Public Welfare Division (PWD) to employable but involuntarily unemployed persons who otherwise meet eligibility requirements.

ORS 411.710(1) provides:

> "General assistance shall be granted in accordance with the rules and regulations of the division and on the basis of need, taking into account the income, resources and maintenance available to the individual from whatever source derived and his necessary expenditures and the conditions existing in each case."

"General assistance" means assistance or service of any character provided to needy persons not otherwise provided for to the extent of such need and the availability of funds. ORS 411.010.

By rule, with certain exceptions, PWD grants general assistance to unemployable persons only. Unemployability is, according to PWD rules, a medically determined status, and consists of physically or mentally disabled persons. In nonobvious cases a medical verification of physical or mental disability by an attending physician is required to establish unemployability and its corollary eligibility for general assistance.

Plaintiffs maintain that the language of ORS 411.710(1) and its legislative history prohibit the classification enacted by PWD and mandate that general assistance be granted to involuntarily unemployed indigents who otherwise meet eligibility criteria.

Plaintiffs cite *Pearson v. Juras,* 12 Or App 345, 505

P2d 928, Sup Ct *review denied* (1973), *Mooney v. Pickett,* 4 Cal3d 669, 94 Cal Rptr 279, 483 P2d 1231 (1971), and *Fecht v. Dep't Social & Health Servs.,* 86 Wash2d 109, 542 P2d 780 (1975), as supportive of their position.

We note initially that not all employable persons are excluded by agency rule from receiving general assistance. Other classes of persons who are employable and eligible for general assistance include:

1. Childless couples where one member is unemployable and the other must remain at home to provide essential care for the person.

2. Employable single women age 50 or older who were receiving general assistance on August 1, 1975, and for whom there currently is no work available within their capacity.

3. Families who are not eligible for aid to dependent children based on unemployment because the male head of household is employed or self-employed full time.

4. Transient nonresident families (with children) if their eligibility for emergency assistance is exhausted.

5. Unmarried mothers through one month after confinement.

6. An employable mother whose children have been temporarily removed can be given general assistance for a period up to 45 days if it is anticipated that one or more children will be returned to the mother's home within 45 days.

7. Families in need because of a labor dispute.

■ By its terms ORS 411.710(1) mandates that general assistance shall be granted on the basis of need. It does not follow, however, that all needy persons must be granted general assistance. It is this distinction, or lack of entailment, that differentiates ORS 411.710(1) from the statutes construed in *Pearson v. Juras, Mooney v. Pickett,. Fecht v. Dep't Social & Health*

*Servs.,* all *supra,* and from other poverty programs in Oregon. *See, e.g.,* ORS 412.035(1) ("aid to the blind shall be given to *any* blind person"); ORS 412.520(1) ("[a]id shall be granted to *any* needy person 18 years of age or older who is disabled"); ORS 413.009(1) ("old-age assistance shall be given to * * * [*a*]*ny* needy person who has attained the qualifying age"). (Emphases supplied.)

*Pearson v. Juras, supra,* construed ORS 412.520(1), cited above, and concluded that PWD could not grant or deny assistance based on an irrelevant subclassification. Similarly, *Fecht v. Dep't Social & Health Servs., supra* at 110, construed RCW 74.08.025, which provides that "[p]ublic assistance shall be awarded to *any* applicant * * * [w]ho is in need," and in *Mooney v. Pickett, supra* at 677, the statute under consideration provided that "[e]very county and every city and county shall relieve and support *all pauper,* incompetent, poor, indigent persons." (Emphases supplied.)

ORS 411.710(1) does not mandate that general assistance be granted to any needy person or to all needy persons. Neither the language of the statute nor its history precludes the exclusion of employable needy persons from general assistance grants.

■ We conclude that PWD's interpretation of the statute and of the scope of its rule-making authority was proper. It is a familiar rule that the courts will usually accord considerable weight to an agency's interpretation of a statute which it administers where that interpretation is permissible. *Van Ripper v. Liquor Cont. Com.,* 228 Or 581, 365 P2d 109 (1961); *Springfield Ed. Assn v. Springfield Sch. Dist.,* 24 Or App 751, 547 P2d 647, *modified* 25 Or App 407, 549 P2d 1141, Sup Ct *review denied* (1976). *Cf., Fairview Hospital v. Moore,* 28 Or App 637, 560 P2d 671 (1977). Therefore, PWD may, "in accordance with the rules and regulations of the division" distinguish between subclasses of persons in need and grant or deny

general assistance on the basis of that sub-classification.

Affirmed.