*[437]
 
 JOHNSON, J.
 

 Petitioner, Gresham Grade School District No. 4, appeals from an order of the Employment Relations Board that the district cease and desist from refusing to comply with an arbitrator’s award ordering the District to renew a probationary teacher’s contract and thereby affording that teacher tenure.
 
 [1]
 
 The sole issue is whether the arbitrator had authority to award reinstatement and tenure under a collective bargaining contract. A lengthy discussion of the facts is unnecessary because the case is indistinguishable from
 
 Central Point Sch. Dist. v. ERB,
 
 27 Or App 285, 555 P2d 1269, Sup Ct
 
 review denied
 
 (1976), and for reasons stated there, we affirm.
 

 Petitioner attempts to distinguish
 
 Central Point
 
 by reference to the following statement in that opinion:
 

 "* * * We note here that this case does not involve an agreement to arbitrate disputes over a determination that, on the merits, a teacher is not performing satisfactorily.” 27 Or App at 289.
 

 The statement is equally applicable here. The arbitrator found that the reason for the school board’s refusal to renew the teacher’s contract was reprisal for her prior utilization of grievance procedures and such reprisal violated the collective bargaining agreement.
 
 [2]
 
 The collective bargaining agreement further provides that a claim by a teacher of a violation of the agreement is a grievance subject to binding arbitration.
 
 [3]
 
 Petitioner argues that it was not within the scope of arbitration to determine whether the teacher was entitled to renewal as a matter of merit and that
 
 *[438]
 
 the arbitrator did not have before him certain evidence concerning her merits. The argument ignores the fact that it is within the scope of arbitration to determine whether or not the contract had been violated. In order for the arbitrator to make a determination that the reason for non-renewal was reprisal in violation of the contract, he necessarily had to determine that non-renewal was not based on merit or for other reasons. If there was additional evidence concerning the reasons for non-renewal, then the school district should have presented that evidence to the arbitrator. The arbitrator’s findings and award were binding under the agreement.
 

 Affirmed.
 

 [1]
 

 A teacher who has not taught more than three years is a "probationary teacher.” ORS 342.815(5) and (6). The grant of reinstatement to respondent probationary teacher amounted in effect to an award of tenure because she had taught for three years and would thus become a "permanent teacher” under ORS 342.815(5).
 

 [2]
 

 Article 3, D, 2, of the collective bargaining agreement provides:
 

 "No reprisals of any kind shall be taken by the Board or by any member of the administration against any party in interest, any
 
 *[438]
 
 representative, any member of the Association, or any other participant in the grievance procedure by reason of such participation.”
 

 [3]
 

 Article 3 defines grievance as "* * * a claim by a teacher or the Association based uon the interpretation, application, or violation of this Agreement, policies or administrative decisions affecting a teacher or a group of teachers.” The article provides for a three-step grievance procedure, the third step being arbitration. Under the terms of the grievance procedure the article further provides that "[t]he decision of the arbitrator shall, within the scope of his authority as determined by the American Arbitration Association, be binding on both parties.”