Argued February 26, affirmed September 17,
reconsideration denied October 25,
petition for review allowed December 27, 1979

**SPRINGFIELD EDUCATION ASSOCIATION,**
*Petitioner,*
*v.*
**SPRINGFIELD SCHOOL DISTRICT NO. 19,**
et al
*Respondents,*
*and*
**SCHOOL DISTRICT NO. 1, MULTNOMAH
COUNTY, et al**
*Intervenors.*
(ERB No. C-278, CA 12102)

**EUGENE EDUCATION ASSOCIATION,**
*Petitioner,*
*v.*
**EUGENE SCHOOL DISTRICT NO. 4J,**
et al,
*Respondents,*
*and*
**SCHOOL DISTRICT NO. 1, MULTNOMAH
COUNTY, et al,**
*Intervenors.*
(ERB No. C-279, CA 12102)

**SOUTH LANE EDUCATION ASSOCIATION,**
*Petitioner,*
*v.*
**SOUTH LANE SCHOOL DISTRICT NO. 45J3,**
et al,
*Respondents,*
*and*
**SCHOOL DISTRICT NO. 1, MULTNOMAH
COUNTY, et al,**
*Intervenors.*
(ERB No. C-280, CA 12102)

600 P2d 425

[94]

Henry H. Drummonds, Eugene, argued the cause for petitioners. With him on the briefs were Kulongoski, Heid, Durham & Drummonds, and Robert D. Durham, Eugene.

Bruce Smith, Eugene, argued the cause for respondent school districts. With him on the briefs were Moore, Wurtz & Logan, Springfield; Ackley & Kelsay, Cottage Grove; Young, Horn, Cass & Scott, Eugene; and Hershner, Hunter, Miller, Moulton & Andrews, and Richard E. Miller, Eugene. Also on the briefs were Harms & Harold, Springfield, and Miller, Anderson, Nash, Yerke & Wiener, Portland, attorneys for intervenors.

James A. Redden, Attorney General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for respondent Employment Relations Board.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

THORNTON, J.

## THORNTON, J.

These are consolidated appeals by three different teacher associations from determinations of the Employment Relations Board (ERB) that numerous aspects of public school teacher evaluations are not mandatory subjects of collective bargaining. Respondents in each case are the school district affected plus ERB. Additionally, School District No. 1, Multnomah County, and the Oregon School Boards Association have joined each proceeding as intervenors.

Public employers are required to bargain with their employes "with respect to employment relations." ORS 243.650(4).

"'Employment' relations includes, but is not limited to, matters concerning direct or indirect monetary benefits, hours, vacations, sick leave, grievance procedures and other conditions of employment." ORS 243.650(7).

The question is whether the subjects here in issue are "other conditions of employment" within the meaning of ORS 243.650(7).

In an earlier consideration of this case, we noted that "nearly everything that goes on in schools affects teachers and is therefore arguably a 'condition of employment.'" *Springfield Ed. Assn. v. Sch. Dist.,* 24 Or App 751, 759, 547 P2d 647, *former opinion modified,* 25 Or App 407, 549 P2d 1141, *rev den* 276 Or 387 (1976), *cited with approval, NLRB v. Catholic Bishop of Chicago,* 440 US 490, 99 S Ct 1313, 59 L Ed 2d 533, 543 (1979). We nevertheless interpreted ORS 243.650(7) as meaning that whether a given issue is a "condition of employment" subject to mandatory bargaining requires balancing the educational policy involved against the effect on teachers' employment. Only issues where the affect on teachers' employment predominated were "conditions of employment" subject to mandatory bargaining. *Springfield Ed. Assn. v. Sch. Dist., supra; Sutherlin Ed. Assn. v. Sch. Dist.,* 25 Or App 85, 548 P2d 204 (1976).

[95]

■ Subsequently the Oregon Supreme Court held in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979), that there are certain situations in which construction of statutory terms is not for the courts, but rather for the administrative agency responsible for administering and applying the statutory terms. We invited the parties in this case to submit supplemental briefs on the question of whether "other conditions of employment" in ORS 243.650(7) is for judicial or administrative construction under *McPherson.* We now conclude that the Employment Relations Board, rather than this court, has the authority to define that term.

■ In *McPherson* the Supreme Court noted three different types of statutory terms. If the agency has special knowledge of the meaning of certain terms, such as elements of a technical vocabulary, courts rely on such expertise in reviewing the agency's interpretation. Words or phrases which describe relationships meeting "certain definable legal tests" may be construed by courts as readily as by agencies. A third group of terms requires "completing a value judgment that the legislature itself has only indicated"; judicial review is limited to determining whether the agency policy is within the range so indicated. 285 Or at 549-50.

■ The "conditions of employment" that are subject to collective bargaining have long been something of a term of art in labor law. This suggests that ERB's interpretation and application of the term may be expertise-based. *Cf.* ORS 240.060(1) (The members of ERB "shall be trained or experienced in labor-management relations and labor law * * *.") Alternatively, the term "conditions of employment" calls for completing a value judgment that the legislature has only indicated. When ORS 243.650(7) was enacted in 1973, the legislature defeated proposed amendments that would have more specifically catalogued the issues that were and were not subject to mandatory

[96]

bargaining. *Springfield Ed. Assn. v. Sch. Dist., supra,* 24 Or App at 758. The conscious enactment of the general language of ORS 243.650(7) indicates a purposeful delegation of the policymaking function.

Whether viewed as a matter of agency expertise or a matter of legislative delegation of the policymaking function, the result is the same: Under *McPherson,* interpretation of ORS 243.650(7) is for ERB and we are bound by ERB's interpretation unless we can say it is contrary to legislative intent.

The labor organizations involved in these cases, having failed to obtain a favorable ruling from ERB, contend that construction of ORS 243.650(7) is for the courts, not ERB. They note that *McPherson* used "employment" as an example of a term that meets definable legal tests and is therefore for judicial construction. 285 Or at 550. They argue that the phrase "other conditions of employment" in ORS 243.650(7) is sufficiently closely related to "employment" as to justify judicial construction.

We find the analogy unpersuasive. The *McPherson* example was stated in the context of the Unemployment Compensation Act, ORS ch 657. We do not believe that a word necessarily retains its original *McPherson* characterization upon immersion in a different phrase in a different statutory context—here the public employe collective bargaining law. "Conditions of employment" for collective bargaining purposes is simply not the same as "employment" for unemployment compensation purposes. We remain convinced that interpretation of ORS 243.650(7) is for ERB.

■ ■ Finally, here ERB did not purport to be making a policy-based interpretation of ORS 243.650(7), but instead purported to only be applying the interpretation of ORS 243.650 (7) this court previously adopted in *Springfield* and *Sutherlin. McPherson* establishes that when an agency has, but fails to exercise,

[97]

policymaking responsibility, generally the appropriate disposition is to remand to the agency to exercise its responsibility. *See also Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979); *AFSCME v. Board of Higher Education,* 31 Or App 251, 570 P2d 388 (1977). This case, however, presents an exceptional circumstance. Here ERB's counsel advised us in a supplemental brief that

" * * * the members of the Board * * * advise that had they had the benefit of *McPherson* and *Oliver,* and realized that they could choose the interpretation rather than merely apply what they considered the required policy they would have elected that policy as their own choice."

We therefore conclude that a remand would be pointless here.

Affirmed.