EUGENE EDUCATION ASSOCIATION,
*Petitioner,*

*v.*

EUGENE SCHOOL DISTRICT NO. 4J, et al,
*Respondents.*

(No. C-53-79, CA 16850)

617 P2d 935

Robert Durham, Eugene, argued the cause for petitioner. On the brief were Kulongoski, Heid, Durham & Drummonds, Jennifer Friesen and Henry H. Drummonds, Eugene.

Joe B. Richards, Eugene, argued the cause for respondents, Eugene School District No. 4J and Richard Miller. With him on the brief was Luvaas, Cobb, Richards and Fraser, P.C., Eugene.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Relations Board.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

This is an appeal from an order from the Employment Relations Board (Board) dismissing the Eugene Education Association's (Association) complaint that Eugene School District No. 4J and its designated representive (District) refused to bargain about an Association proposal for inclusion in the parties' collective bargaining agreement, thereby engaging in an unfair labor practice. We reverse and remand.

The Association proposed that the following be included in the parties' collective bargaining agreement as the definition of a grievance:

"Grievance: A grievance is a claim based on an alleged inequitable or unfair event or condition CAUSED BY THE VIOLATION of *written school board policies, written administrative rules and regulations,* mandatory bargainable practices or the interpretation, application or violation of provisions of this agreement.

"Disputes involving either attempts to change the collective bargaining agreement or representation disputes arising under ORS 243.682, 243.686 or 243.692 are not grievable under this provision.

"Nothing in this section is intended to restrict the District's right to unilaterally change written school board policies, written administrative rules and regulations or practices that are determined to be permissive subjects of bargaining." (Emphasis supplied.)

The Association's proposal would subject to third-party arbitration a claim of unfairness or inequity caused by a violation of written District policy, rules or regulations. The District's written policies, rules and regulations cover, *inter alia,* the school calendar, teacher evaluation, and student discipline. The Association's proposal would not require the District to promulgate or repeal any policies, rules or regulations; their existence and content would remain entirely within the District's discretion. The District refused to discuss this proposal, considering it merely a permissive subject for collective bargaining, and not a mandatory subject. The Board agreed.

A public employer's refusal "* * * to meet at reasonable times and confer in good faith with respect to employment relations * * *," ORS 243.650(4)[1] is an unfair labor practice. ORS 243.650(4); ORS 243.672(1)(e).[2] ORS 243.650(7) defines employment relations:

> "(7) 'Employment relations' includes, but is not limited to, matters concerning direct or indirect monetary benefits, hours, vacations, sick leave, *grievance procedures* and other conditions of employment." (Emphasis supplied.)

Bargaining subjects that are specifically mentioned in ORS 243.650(7) are mandatory bargaining subjects. Refusal to bargain about them is an unfair labor practice. *Springfield Ed. Assn. v. Sch. Dist.,* 24 Or App 751, 758, 547 P2d 647, *modified on other grounds,* 25 Or App 407, 549 P2d 1141, *rev den* (1976); (hereinafter Springfield I); *Eugene Ed. Assn. v. Eugene Sch. Dist.,* 46 Or App 733, 737, 613 P2d 79 (1980). Subjects not expressly mentioned in ORS 243.650(7) are only mandatory bargaining subjects if their effect on teachers' employment outweighs matters of educational policy. Matters which are not mandatory bargaining subjects are *permissive* bargaining subjects. Bargaining about permissive subjects is not required and failure to bargain will not result in an unfair labor practice. *Springfield I, supra,* at 759;

---

[1] ORS 243.650(4) provides:

"(4) 'Collective bargaining' means the performance of the mutual obligation of a public employer and the representative of its employes to meet at reasonable times and confer in good faith with respect to employment relations, or the negotiation of an agreement, or any question arising thereunder, and the execution of a written contract incorporating any agreement reached if requested by either party. However, this obligation does not compel either party to agree to a proposal or require the making of a concession."

[2] ORS 243.672(1)(e) provides:

"(1) It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"* * * * *

"(e) Refuse to bargain collectively in good faith with the exclusive representative."

*Springfield Ed. Assn. v. Sch. Dist.,* 42 Or App 93, 95, 600 P2d 425, *rev allowed* 288 Or 253 (1979). (hereinafter Springfield III); *Eugene Ed. Assn. v. Eugene Sch. Dist., supra,* at 740.

█     In this case, the Association's proposal at least superficially appears to relate to a subject specifically mentioned in ORS 243.650(7), *viz.,* "grievance procedures," and therefore appears to be a mandatory bargaining subject. As the Board interpreted the term "grievance procedures," however, the Association's proposal was not a mandatory subject of bargaining.

    The Board explained its conclusion this way:

"* * * * *

"The Association's proposal is clearly a permissive subject of bargaining. First, the Association argues that the proposal is mandatory because it involves grievance procedures, a term specifically referred to in the statutory definition of employment relations in ORS 243.650(7). In a recent case, this Board held that it will not assume that bargaining proposals, such as the one herein, are 'per se' mandatory subjects merely because they relate to matters specifically included within the statutory definition of employment relations. Rather, this Board will examine the substance and essence of bargaining proposals to determine the subject matter involved and will review such proposals to insure that they are consistent with prior decisions of this Board holding that certain subjects are permissive, notwithstanding a possible relationship between those subjects and subjects specifically included in the definition of employment relations. In the instant case, the substance and essence of the proposal is to subject permissive subjects of bargaining *i.e.,* school district policies, rules and regulations to binding third party arbitration. This Board has squarely held that proposals which are intended to provide teachers with the opportunity to grieve permissive subjects of bargaining are permissive proposals.

"Second, the Association argues that the proposal is mandatory because it would make the unfair event or condition caused by a violation of a policy, rather than the actual policy, the subject of any grievance.

In other words, the Association argues that there is a significant distinction between enforcing existing District policies through the grievance procedure and influencing or changing such policies through the grievance procedure. *The significance of this distinction eludes this Board. The limitation of grievances to those involving allegedly unfair results of District decisions does not appear to alter the fact that the proposal seeks, directly or indirectly, to place the District's policies or regulations concerning permissive bargaining subjects under an arbitrator's scrutiny.*

"Third, the Association also argues that since the District has the unilateral right at any time to change any policies or other rules that are determined to be permissive bargaining subjects, the proposal herein is a mandatory subject of bargaining. The Association's argument is not persuasive. The fact remains that the Association seeks, by means of proposal, to bargain over permissive subjects by subjecting District policies involving permissive matters to a grievance procedure." (Emphasis supplied).

The Board was of the view that it was necessary to look *behind* a proposal concerning the scope of the subject matter of grievance procedures to determine what the subjects of possible grievances would be: If those subjects were *themselves* mandatory bargaining subjects, then the proposed definition of a grievance was a mandatory bargaining subject. If some or all of those subjects were permissive, the proposed definition of a grievance was *not* a mandatory bargaining subject to the extent it encompassed those permissive matters. In other words, the Board held, in effect, that the phrase, "grievance procedures," as used in ORS 243.650(7), means "grievance procedures which concern matters which are mandatory bargaining subjects." Assuming, without deciding, that the Board has a right to so limit the scope of ORS 243.650(7) by statutory construction,[3] we nonetheless hold that its ruling in the present case cannot stand.

---

[3] We note, however, that if the Board's construction of the phrase "grievance procedures" is as we have analyzed it to be, the Board has virtually read that phrase out of the statute.

The obvious focus of the Board's concern is the possibility that the Association will be able, by utilization of the grievance process, to establish the *content* of school policies, rules and regulations or, what is equally unacceptable from the Board's view, to have it established by a third party (the arbitrator). The Board does not, however, explain how a grievance concerning a *violation* of a policy, rule or regulation can in any way affect the *substance* of that policy rule or regulation. The Board states that the Association's proposal

> "* * * seeks, directly or indirectly, to place the District's policies or regulations concerning permissive bargaining subjects under an arbitrator's scrutiny."

This may be so, but the Board's *ipse dixit* statement does not establish it. Absent some rationale in the opinion for this conclusion, we cannot meaningfully review the Board's action. *See McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976), *rev den* (1977). We therefore remand this matter to the Board for further consideration in light of this opinion.

Reversed and remanded.