Argued and submitted July 11, affirmed November 9, 1983

# RAJNEESH FOUNDATION INTERNATIONAL,
*Petitioner,*

*v.*

# CORPORATION COMMISSIONER OF THE STATE OF OREGON,
*Respondent.*

(CA A26917)

671 P2d 1203

Frank Josselson, Portland, argued the cause for petitioner. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this case, petitioner appeals the Corporation Commissioner's denial of its petition seeking adoption of a rule. The Commissioner denied the petition, because petitioner had not offered any evidence establishing that the securities it would offer would meet the appropriate criteria. We affirm.

Petitioner is a non-profit corporation qualified to do business in Oregon. It is organized and operated exclusively for religious, educational, benevolent and fraternal purposes and has been accorded tax-exempt status as a religious organization by the Internal Revenue Service.[1]

On August 12, 1982, petitioner filed a petition with the Corporation Division seeking the adoption of a rule exempting petitioner from the registration requirements of the Oregon Securities Law. The Corporation Commissioner issued an order denying the petition, and petitioner was then afforded a contested case hearing under ORS 183.413 to 183.470. Following the hearing, the Commissioner issued a final order denying the petition for rulemaking. This appeal followed.

The Commissioner based his denial on ORS 59.025(11), which exempts from registration:

"Any security issued by a person:

"(a) Organized and operated exclusively for religious, educational, benevolent, fraternal, charitable or reformatory purpose and not for pecuniary profit, and no part of the net earnings of which inures to the benefit of any person, private stockholder, or individual; and

"(b) Designated by rule of the commissioner."

The Commissioner has interpreted subsection (b) to modify "any security," therefore granting him the authority to designate by rule the particular types of securities that can be issued by organizations that qualify under subsection (a). Pursuant to that authority, the Commissioner has adopted OAR 815-30-040, which sets forth criteria that must be met to qualify for exempt status under ORS 59.025(11):

---

[1] The status was granted pursuant to IRC § 501(c)(3).

"(1)   A person may offer and sell Charitable Remainder Annuity Trusts, Charitable Remainder Unitrusts, and Pooled Income Funds and be exempt from the provisions of ORS 59.055 if:

"(a)   The person is exempt from federal taxation under the provisions of Section 501(c)(3) of the Internal Revenue Code of 1954, as amended, and;

"(b)   The Charitable Remainder Trusts and the Pooled Income Funds qualify under the requirements of Section 664 or Section 642 of the Internal Revenue Code of 1954, as amended, and all other applicable provisions and regulations thereof.

"(2)   The Commissioner may by rule or order deny, condition, or withdraw this exemption if, in his opinion, the availability of this exemption to a person would work a fraud or imposition upon the purchaser."

In this case, the Commissioner concluded that petitioner was not entitled to an exemption because it had failed to present evidence that the securities it would issue would meet the criteria of OAR 815-30-040.

Petitioner does not claim that its securities would qualify under OAR 815-30-040. Instead, it contends that the rule is invalid because ORS 59.025(11)(b) requires the Commissioner to grant an exemption by rule to any person that qualifies under subsection (a). Petitioner reads subsection (b) to modify the term "person"; therefore, if an organization fits into one of the categories enumerated in subsection (a), the Commissioner has no discretion to deny that organization a rule designating it as exempt. The issues in this case are whether ORS 59.025(11)(b) delegates any discretion to the Commissioner and, if so, whether OAR 815-30-040 is within the scope of the delegation. Both parties rely on the legislative history to support their interpretations of ORS 59.025(11). Because the statutory language is ambiguous, it is appropriate to resort to extrinsic aids to determine the legislature's intent. *Davis v. Wasco IED,* 286 Or 261, 593 P2d 1152 (1979).

■      ORS 59.025(11) was enacted in 1975 as an addition to ORS 59.025, which exempts certain securities from the registration requirements of the Oregon Securities Law. The amendment was presented by the Commissioner, who submitted both oral and written testimony explaining it. According

to the Commissioner, it was prompted by the advent of charitable remainder trusts, by which purchasers "donate" property to a charitable organization in exchange for a life income; on the donor's death, the remainder in the trust is enjoyed by the charitable organization. Because of their investment nature, the trust beneficial interests constitute securities which would be subject to the registration requirements without the amendment. Although the language of subsection (a) closely parallels § 77 c(a)(4) of the federal Securities Act of 1933,[2] the Commissioner emphasized that he did not want a blanket exemption for all securities issued by all charitable organizations, as in the federal scheme. He testified that, by adopting subsection (b), the legislature would be granting the Commissioner discretion over the availability of the exemption. He stated:

> "It is anticipated that our office will upon the enactment of this amendment, establish rules outlining criteria which must be satisfied in order for an organization to qualify for the exempt status." Commissioner's Memorandum to the Senate Consumer & Business Affairs Committee Explaining Senate Bill 504, April 28, 1975, at 3.

Given this background, we cannot accept petitioner's argument that the legislature did not intend the Commissioner to have any discretion whatsoever under subsection (b) to deny its application for adoption of a rule granting it exempt status. According to petitioner, the only purpose of subsection (b) was to enable the Commissioner to determine whether an organization is bona fide and fits under subsection (a); if it does, the Commissioner is required to enact a rule exempting all securities that that organization may wish to issue from registration requirements. Although the statute is inartfully drafted, the legislative history reveals that subsection (b) was intended to do more than just serve as a rubber-stamping mechanism for subsection (a). Subsection (a) alone obligates the Commissioner to inquire whether an organization is a bona fide tax-exempt charitable organization. To accept petitioner's construction would render subsection (b) meaningless. We are required by ORS 174.010 to give effect and meaning to all parts of a statute.[3] Moreover, because the

---

[2] 15 USC § 77C(a)(4).

[3] We also note, in passing, that petitioner's interpretation would require the Commissioner to issue a statement that petitioner is individually exempt from the

Commissioner proposed the amendment, offered the sole testimony regarding its meaning and purpose and was entrusted with its administration, we give great weight to the Commissioner's interpretation. *Smith v. Peet,* 29 Or App 625, 564 P2d 1083, *rev den* (1977). We find that subsection (b) grants authority to the Commissioner to establish criteria which must be met to qualify for the exemption.

Because we conclude that subsection (b) delegates to the Commissioner discretion over granting the exemption, we turn to whether OAR 815-30-040 is within the scope of the delegation prescribed by ORS 59.025(11). The legislative history indicates that the legislature intended the Commissioner to be able to establish criteria pertaining both to organizations *and* to types of securities. In our view, the legislature had two purposes when it enacted ORS 59.025(11): (1) to exempt certain types of charitable remainder trusts from the registration requirements and (2) to give the Commissioner the authority to regulate by rule the granting of the exemption. OAR 815-30-040, therefore, validly intreprets ORS 59.025(11) to permit the Commissioner to exempt only certain charitable remainder trusts offered by organizations that have been accorded tax-exempt status by the Internal Revenue Service.

Because we find OAR 815-30-040 to be a valid exercise of the Commissioner's authority under ORS 59.025(11), we conclude that the Commissioner's denial of the petition was proper.

Affirmed.

---

registration requirements. The "rule" petitioner proposed to the Commissioner reads as follows:

"RULE 815-30-_____. SECURITIES BY RELIGIOUS ORGANIZATIONS.

"An exemption is granted pursuant to subsection (11) of ORS 59.025 to the following religious organization:

"(1) Rajneesh Foundation International, a New Jersey corporation."

Under the Oregon Administrative Procedure Act, such a statement would be a declaratory ruling, which is specifically excluded from the definition of "rule." ORS 183.310(8)(c). The legislature chose the phrase "designated by rule," and it obviously intended that the Commissioner promulgate standards of general applicability, rather than an inexhaustive list of charitable organizations.