Argued August 31, affirmed December 18, 1978, petition for review
denied February 13, 1979

MEDFORD FIREFIGHTERS ASSOCIATION,
LOCAL #1431, IAFF, *Appellant,*
*v.*
CITY OF MEDFORD et al, *Respondents.*
(No. 77-1583-E-2, CA 9516)
588 P2d 95

William N. Kent, Eugene, argued the cause for
appellant. On the brief was Gary K. Jensen, Eugene.

Eugene F. Hart, Jr., City Attorney, Medford,
argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Gillette and
Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff, Medford Firefighters Association, appeals the granting of defendant's motion for summary judgment by the trial court. We affirm.

Plaintiff and defendant, City of Medford, entered into a one-year collective bargaining agreement on July 1, 1975 which was to be automatically renewed every year unless notice of termination or modification was given by either party in writing not less than 180 days prior to the time the agreement was to be renewed.[1] The agreement was automatically renewed for the 1976-1977 year. In the preamble to the agreement, the parties agreed to recognize and comply with ORS 243.650 through 243.782, the Oregon Public Employes' Collective Bargaining Law.[2]

On December 20, 1976, in *City of Hermiston v. E.R.B.,* 27 Or App 755, 557 P2d 681 (1976), *reversed* 280 Or 291, 570 P2d 663 (1977), we held that ORS 243.650 through 243.782 were unconstitutional to the extent that they attempted to regulate employer-employe relations between a home rule city and its

---

[1] Article XVII—Termination and Reopening Clause:

"This agreement shall be effective upon ratification by both parties, and shall continue in full force and effect through June 30, 1976. It shall automatically be renewed from year to year thereafter unless either party shall notify the other, in writing, not later than 180 days prior to July 1, of that year, that it wishes to terminate or modify this agreement for any reason. Notification of intent to modify shall include the substance of the modifications desired. In event that such notice is given, those provisions not reopened shall automatically renew from year to year. Negotiations shall begin no later than March 1. This agreement shall remain in full force and effect during negotiations."

[2] The Preamble provides in pertinent part:

"The City and IAFF Local #1431 agree to recognize and comply with ORS 243.650 through 243.782. If, during the life of the contract, ORS 243.650 through 243.782 is amended, the affected portion of the contract shall be null and void and the parties agree to negotiate any additional provisions accordingly. The purpose of this agreement is as outlined in ORS 243.650 (7) defining 'Employment relations.'"

[ 659 ]

vital-service employes.[3] Relying on that decision, the defendants notified the plaintiff on December 23, 1976, of its intent to terminate the agreement effective June 30, 1977. Both parties agree that the notice was timely and proper under Article XVII of the contract. On December 28, 1976, the plaintiff notified the City of its intent to modify the agreement.

Because of the *Hermiston* decision in this court, the City adopted its own "Employer-Employe Relations Ordinance" on February 17, 1977, which substantially differed from the state law. The parties then commenced negotiations for a contract for the 1977-78 year.

Several proposals were made by both sides. The plaintiff's proposals followed the scheme set out in the state statute while the defendants' proposals were in line with the new ordinance. After several months it became obvious that neither party was willing to change its position vis-a-vis which legislation was to control the new contract. Therefore, on May 18, the plaintiff declared an impasse and requested mediation.[4] On June 28, two days before the contract was to expire, plaintiff brought a suit seeking a declaratory judgment that the existing contract not be terminated until a new contract is signed, that the State Collective Bargaining Law is applicable to the parties, and that negotiations should continue until a new contract is adopted. The defendants filed a motion for summary judgment which was granted after oral argument on October 13, 1977. The circuit court found that the contract terminated on July 1, 1977, and,

---

[3]The Supreme Court decided in November, 1977 that the Court of Appeals did not have jurisdiction and nullified that decision. However, the Supreme Court has since held in *LaGrande/Astoria v. PERB,* 281 Or 137, 576 P2d 1204 (1978), that the provisions of ORS chapters 237 and 243 requiring retirement and insurance benefits for police officers and firemen are not unconstitutional as they apply to cities.

[4]On June 30, 1977, a mediator spoke with both parties and concluded that mediation would be fruitless because of the position of the parties.

therefore, the parties were not bound to negotiate under that agreement.

Plaintiff's case is primarily based upon the meaning and effect of the last sentence of Article XVII, "This contract shall remain in full force and effect during negotiations." This sentence contemplates a situation where continuing negotiations for a new contract extend beyond the termination of the old contract. It would serve to postpone the normal effects of the termination so long as negotiations were ongoing. It is clear that when the negotiations end, with or without a new contract, the postponement ends, *see, e.g., Paterson Parchment P. Co. v. International Brotherhood,* 191 F2d 252 (3d Cir 1951); *Local Union No. 998, Etc. v. B.&T. Metals, Co.,* 315 F2d 432 (6th Cir 1963); *Flores v. Barman,* 130 Cal App 2d 282, 279 P2d 81 (1955).

While it may not always be easy to say when negotiations have ended, there is no difficulty here. Both parties agreed in May, 1977, that further negotiations would be fruitless. There being no ongoing negotiations on July 1, 1977, the contract terminated.

In seeking declaratory relief, plaintiff's theories were all based upon the existence of the contract and the applicability of the State's Collective Bargaining Law as incorporated into the contract. Once the contract expired, there was no legal basis for the circuit court to order the parties to continue negotiations. The summary judgment was properly granted.

Affirmed.