Argued and submitted November 8,
affirmed December 24, 1979

MEDFORD FIREFIGHTERS ASSOCIATION,
LOCAL #1431, IAFF,
*Petitioner - Cross-Respondent,*
*v.*
CITY OF MEDFORD, et al,
*Respondents - Cross-Petitioners,*

EMPLOYMENT RELATIONS BOARD,
*Respondent.*

(No. C-185-77, CA 14175)

605 P2d 289

William N. Kent, Eugene, argued the cause for petitioner. On the brief was Gary K. Jensen, P.C., Eugene.

Eugene F. Hart, Jr., City Attorney, Medford, argued the cause and filed the brief for respondents - cross-petitioners.

James A. Redden, Attorney General, and Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Relations Board of the State of Oregon.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In December, 1977, petitioner, a labor organization exclusively representing firefighter employes of respondent City of Medford for purposes of collective bargaining, filed with the Employe Relations Board (ERB) a complaint alleging unfair labor practices under ORS 243.672(1). On March 6, 1979, ERB found that respondent City had refused to bargain in good faith and ordered it to desist from that refusal, but the Board did not find in favor of petitioner in other respects. Petitioner assigns as errors (1) the finding that respondent City did not restrain the exercise of union activity or interfere with the administration of the local firefighters' union by unilaterally removing fire captains from the collective bargaining unit[1] and (2) the finding that respondent City did not discriminate against a union member in failing to promote him to the position of fire inspector.[2] On cross-appeal respondent City contends that the jurisdiction of ERB

---

[1] Petitioner challenged the following conclusions of law:

"2. Respondents did not violate ORS 243.672(1)(a)(b)(c)(e)(f) or (g) by refusing to allow Captain Bowles to act as shop steward, by enacting an ordinance removing fire captains from the bargaining unit or by proposing a promotional exam for fire captains * * *.

" * * * it is not an unfair labor practice for an employer to fail to seek an Employment Relations Board determination prior to unilaterally treating positions as excluded (from the bargaining unit).

"3. Respondent did not violate ORS 243.672(1)(g) or any provision of the act by refusing to comply with any provisons of a written collective bargaining contract, including a union security provision.

"The collective bargaining contract herein at issue expired effective July 1, 1977 with the expiration of the contract. Respondent's contractual obligation to bargain under ORS Chapter 243 terminated * * *."

[2] Petitioner challenged the following conclusions of law:

"(4) * * * nor have respondents discriminated against William E. Urton in violation of ORS 243.672(1)(a)(b) (c)(e)(f) or (g).

and

"(4) * * * there is nothing on record to indicate that the parties intended any eligibility lists to be considered enforceable agreements * * * in the event the * * * contract was terminated * * *."

in this case violates the home rule amendments to the Oregon Constitution.

In October, 1975, petitioner and respondent City entered into a comprehensive collective bargaining contract, which was automatically renewed through June 30, 1977. On December 23, 1976, respondent City, exercising a right under the contract, notified petitioner in writing that it wished to terminate the agreement as of June 30, 1977. Petitioner in turn notified respondent of its intent to modify the agreement. From March, 1977, through May, 1977, the parties negotiated for a new agreement but reached an impasse. The City refused to negotiate other than on the terms of its own "Employer-Employe Relations Ordinance" enacted in February, 1977, whereas petitioner attempted to negotiate on the basis of the Public Employe Relations Act, ORS ch 243.[3] On June 28, 1977, petitioner filed an action in Jackson County circuit court for a declaration that the existing collective bargaining agreement could not be terminated until the signing of a 1977-78 agreement.[4]

On the evening of June 30, 1977, respondent City enacted an ordinance designating fire captains as supervisory and on July 21 objected to a fire captain's acting as shop steward, since fire captains were no longer properly included in the bargaining unit. In

[3] In December, 1976, *Hermiston v. ERB*, 27 Or App 755, 765, 557 P2d 691 (1978), indicated that local, not state, law governed employer-employe relations between a home rule community and its vital service employes. The Oregon Supreme Court reversed for lack of an appealable final administrative order in *Hermiston v. ERB*, 280 Or 291, 293, 570 P2d 663 (1977). Subsequently, *City of La Grande v. Public Employees Retirement Board*, 281 Or 137, 156, 576 P2d 1204, 284 Or 173, 586 P2d 765 (1978), held that general laws addressed primarily to substantive social, economic or other regulatory objectives of the state prevail over contrary policies preferred by some local governments if clearly intended to do so. This court accordingly upheld the constitutionality of the Public Employes Relations Act, ORS ch 243, as applied to the City of Medford, in *Medford Firefighters Assoc. v. City of Medford*, 40 Or App 519, 524, 595 P2d 1268, *rev den* (1979).

[4] Summary judgment was rendered in September, 1977, for respondent City. This court affirmed, holding that the contract terminated on July 1, 1977, after negotiations ended. *Medford Firefighters v. City of Medford*, 37 Or App 657, 661, 588 P2d 95 (1978), *rev den* 285 Or 195 (1979).

October, 1977, a union member, who was also petitioner's president, failed to be promoted to a vacant fire inspector position despite his being at the top of the promotional list for that position. Respondent Fire Chief informed the member that he did not believe there was an existing promotional list because the collective bargaining agreement had expired. The labor contract had incorporated a January, 1975, agreement between petitioner and respondent Fire Chief which stated that a promotional list would be in force for two years from the date of its promulgation.

Petitioner first argues that the 1976-77 contract should be extended until a new agreement is reached, under the federal doctrine of *status quo ante. See, e.g., Hinson v. NLRB*, 428 F2d 133, 136 (8th Cir 1970). The termination date of the agreement, however, is now *res judicata. Medford Firefighters v. City of Medford*, 37 Or App 657, 661, 588 P2d 95 (1978), *supra,* n 4. Policy arguments to extend the collective bargaining agreement may have been appropriate in the litigation commenced for that purpose; they are not persuasive in our review of an ERB order, after termination of the contract has been judicially fixed at July 1, 1977. Furthermore, whether breach of the duty to bargain collectively in good faith, ORS 243.672(1)(e), should here give rise to application of *status quo ante* as a remedial measure is a policy matter for ERB to determine. *Cf., McPherson v. Employment Division*, 285 Or 541, 550, 591 P2d 1381 (1979); *Springfield Education Assn v. School Dist.*, 42 Or App 93, 600 P2d 425 (1979).

Petitioner protests the City's removal of fire captains from the bargaining unit without first negotiating with petitioner or seeking an ERB unit clarification. Once the agreement had expired, however, respondent City was under no contractual obligation to consult with petitioner. The City was in technical violation of its agreement with the petitioner because it adopted the ordinance removing the fire captains from the bargaining unit on the evening of the last day of the labor contract hours before its expiration. ERB

apparently treated this as a de minimis violation. We see no reason to do otherwise. ERB found that petitioner and respondent City had agreed in the collective bargaining agreement to file a joint petition with ERB for unit clarification on the status of fire captains,[5] and in April, 1976, respondent City sent petitioner a form of joint petition signed by respondent's representative. Petitioner neither signed the petition nor sought on its own initiative unit clarification for fire captains.

In the absence of agreement to the contrary, the law does not require a public employer to seek clarification from ERB as to what persons constitute a collective bargaining unit prior to treating them as excluded from that unit. ORS 243.682 - 243.686; ERB Rule 13.010(4). In AFSCME Local 2023 v. OSP, 3 PECBR 1893, 1896 (1978), ERB noted:

> " * * * an employer who treats an employe as excluded prior to an official status determination does so at its peril. But its failure to first seek out an official determination is not in and of itself violative of any section of the Public Employe Relations Act, within the meaning of ORS 243.672(1)(f)."

In this case the employer's designation of fire captains as supervisory was later vindicated by ERB's order of March, 1979, determining that fire captains were supervisory under the criteria outlined in ORS 243.650(14). It is significant that petitioner does not challenge that characterization. Because supervisors are not public employes, ORS 243.650(17), fire captains as supervisors have no right to collectively bargain. ORS 243.662. ERB was correct in concluding that, the contract having expired, respondent neither restrained union activities nor interfered with union administration in unilaterally treating fire captains as excluded from the collective bargaining unit.

---

[5] The contract provided that fire captains would be included in the bargaining unit "as per agreement of December 17, 1974." That earlier agreement stipulated that since the status of fire captains was in dispute, in order to develop job performance experience, fire captains would be included in the unit, and the parties agreed to jointly petition the ERB for unit clarification on the status of captains on or after July 1, 1975.

With regard to the asserted promotional discrimination, the flaw in petitioner's argument is that nobody was promoted. Petitioner does not dispute ERB's finding that disagreement by both parties on the proper criteria for promotion caused several fire inspector positions to remain unfilled. Nothing in the law or any agreement required the City to fill those positions. While it is conceivable that not filling vacant positions rather than hiring union activists may under some circumstances be a subterfuge having discriminatory effect, petitioner has neither alleged nor offered evidence demonstrating such a purpose here. *See* ORS 243.672(1)(c). We thus need not and do not reach petitioner's contention that the January, 1975, agreement was a separate, enforceable contract sustaining the viability of the promotional list.

The jurisdictional contention of respondent City on cross-appeal is, as conceded by counsel at oral argument, not persuasive in light of the Supreme Court's denial of review of our decision in *Medford Firefighters Assoc. v. City of Medford*, 40 Or App 519, 595 P2d 1268, *rev den* (1979), *supra*, n 3.

Affirmed.