# PORTLAND ASSOCIATION OF TEACHERS,
*Petitioner - Cross-Respondent,*
*v.*
# PORTLAND SCHOOL DISTRICT NO. 1,
*Respondent - Cross-Petitioner,*
# EMPLOYMENT RELATIONS BOARD,
*Respondent.*

(No. C-133-80, CA A20225 (Control),
No. C-133-80, CA A20490)
(Cases consolidated)

637 P2d 1308

Robert D. Durham, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs were Jennifer Friesen and Kulongoski, Heid, Durham and Drummonds, Eugene.

Mark C. McClanahan, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Miller, Nash, Yerke, Wiener & Hager, Portland.

Jan Peter Londahl, Assistant Attorney General, Salem, waived appearance for respondent Employment Relations Board.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

This case is before us for judicial review of a decision of the Employment Relations Board (ERB). ERB found that respondent Portland School District No. 1 (District) committed an unfair labor practice within the meaning of ORS 243.672(1)(g) in refusing to arbitrate a grievance regarding a teacher evaluation. Petitioner Portland Association of Teachers (PAT) claims the evaluation was arbitrary and in violation of the collective bargaining agreement between the parties. ERB ordered the District to arbitrate on the claim that the evaluation was arbitrary. PAT appeals ERB's failure to rule in its favor on its second claim, that the evaluation process involved a procedural violation of the contract entitling it to arbitration on that basis as well. The District cross-appeals. We affirm.[1]

The issues in this case are nearly identical to those in *Portland Assn. of Teachers v. School Dist. No. 1,* 51 Or App 321, 625 P2d 1336 (1981), which was decided after PAT filed its petition for judicial review in this case, but several months before the briefs were filed. We find that decision (Portland Assn. of Teachers I) controlling.

In this case, Richard Sears, whose evaluation is at issue, was employed by respondent district as a temporary teacher in the English as a Second Language (ESL) program, beginning in February, 1979. On April 20, 1979, Sears received a letter titled "Interdepartmental Communication" from his department chairperson. This letter listed "recommended changes in your teaching approach if you are to be recommended for employment as a teacher in the ESL

---

[1] Petitioner has informed us of another procedural snarl existing in the present dispute. The parties had initially taken preliminary steps for arbitration of this dispute. An arbitration hearing was convened on December 6, 1979. Respondent refused to proceed with arbitration and was successful in obtaining a court injunction to bar further arbitration of the matter. Petitioner then filed the present complaint alleging that respondent's refusal to arbitrate constituted an unfair labor practice. An appeal has also been taken from the granting of the injunction. Our decision here affirming ERB's order to arbitrate, may have some impact on the appeal of the injunction now pending, though we can not determine what, if any, that impact may be. There has been no formal request filed by either party asking us to delay our decision in this case, although at argument petitioner was of the opinion we should hold this case for the injunction case. The matter has already been in litigation for nearly two years; we decline to delay this case any further.

program in September, 1979." On May 11, 1979, Sears was formally evaluated and recommended for nonrenewal. He filed a grievance, stating in the appropriate place on the grievance form:

"The grievance occurred when I received an evaluation dated May 11, 1979, which was arbitrary and violated the contract."

Under that section of the form inquiring as to the policy, administrative rule or contract provisions alleged to have been violated, Sears wrote "Article 8D, 25A."[2] Article 8D of the parties' collective bargaining agreement provides:

"A copy of the written evaluation shall be submitted to the teacher at the time of personal conference or within ten (10) days thereafter; one copy is to be signed and returned to the administration, the other is to be retained by the teacher. In the event that the teacher feels that the evaluation was incomplete or unjust, he/she may put his/her objections in writing and have them attached to the evaluation report, to be placed in his/her personnel file with a copy to the Area Superintendent. In the event the teacher desires to have further relief from such report he/she shall utilize the grievance procedures described elsewhere in this Agreement within ten (10) days of such report. Grounds for modification or withdrawal shall be that the portion of the evaluation grieved was materially produced or affected by (1) a procedural error of failing to follow the procedures provided in this Agreement, or (2) arbitrariness or capriciousness, or (3) bad faith, or (4) a violation of the law. A grievance proceeding will not result in a requirement that the evaluation be modified or withdrawn if all that is shown is a good faith difference in professional opinion as to its correctness."

PAT contended that the Sears evaluation procedure, in addition to being arbitrary, was also a violation of Article 8D (1) of the collective bargaining agreement, in that, it did not follow evaluation procedures outlined in the brochure entitled "Districtwide Teacher Evaluation," referred to by both parties as "the blue brochure." This brochure is one of the items which Article 8A of the contract provides may be included in the "[c]riteria, rationale and procedural steps in the evaluation process." PAT argues that the issue of whether the blue

[2] PAT did not appeal ERB's holding that the grievance presents no arguably arbitrable issue in regard to Article 25A.

brochure is a "procedure provided in [the] Agreement" was not decided in *Portland Assn. of Teachers I.* PAT is wrong. The contention in the previous case was that the district's failure to use procedures for teacher evaluation set forth in the blue brochure amounted to "a procedural error of failing to follow the procedures provided in [the] Agreement." *See* 51 Or App at 324. We said in that opinion that "* * * the failure of the school district to use blue book [sic] procedures is not a procedural error in evaluation which qualified an affected teacher for grievance arbitration." The question before us is, therefore, precisely the one that was decided in the previous case, and that decision is controlling.

■ The district, on cross-appeal, makes seven assignments of error. The first three are grouped under a heading entitled "The Collective Bargaining Agreement Did Not Require Arbitration." These points, the district concedes, were decided contrary to its position in *Portland Assn. of Teachers I,* except for the distinguishing fact that in the case before us the Sears evaluation involved termination of employment. This, the district contends, makes the evaluation a non-arbitrable matter. Article 6 of the collective bargaining agreement provides that arbitration cannot be required for a grievance involving "dismissal, demotion, retention, or reemployment of personnel * * * ." ERB held that, because Sears had alleged his evaluation was arbitrary and this was a permissible basis for arbitration, it was up to the arbitrator to decide whether the grievance involved, in addition, a matter of dismissal, retention or reemployment which would bar it from arbitration. ERB was correct. *Portland Assn. of Teachers I* involved a similar question: whether the teachers' grievances involved arbitrariness only or also the "correctness" of the evaluations, likewise a forbidden basis for arbitration under Article 6. We said, 51 Or App at 327:

> "The presence of ambiguous language in a contract, whether in the arbitration clause or the substantive portions of the contract itself, is precisely the situation in which the question of arbitrability is one to be decided by the arbitrator,"

citing *Steelworkers v. Warrior & Gulf Co.,* 363 US 574, 80 S Ct 1347, 4 L Ed 2d 1409 (1960); and *Corvallis Sch. Dist. v. Corvallis Education Assn.,* 35 Or App 531, 581 P2d 972 (1978).

■      District's fourth, fifth and sixth assignments of error are merely one-sentence statements of alleged error; they make no reference to any portion of the record and direct us to the District's brief in *Portland Assn. of Teachers I* for argument. We will not consider them.

The only remaining issue involves respondent's seventh assignment of error, asserting that "* * * ERB Erred in Utilizing an 'Arguably Arbitrable' Test For Submission to an Arbitrator," and asking us to reconcile our decisions in *Central Point Sch. Dist. v. ERB,* 27 Or App 285, 555 P2d 1269 (1976), *rev den* (1977), and *Ostrer v. Pine Eagle School Dist.,* 40 Or App 265, 594 P2d 1296 (1979). We direct respondent to *N. Clackamas Sch. Dist. v. Clackamas Educ. Assn.,* 54 Or App 211, 634 P2d 1348 (1981).

Affirmed.