Argued and submitted April 28, reversed;
remanded with instructions June 16, 1982

## SCHOOL DISTRICT NO. 1, MULTNOMAH COUNTY,
*Respondent - Cross-Appellant,*

*v.*

## PORTLAND ASSOCIATION OF TEACHERS,
*Appellant - Cross Respondent.*

(No. A7912-06024, CA 19686)

646 P2d 657

Robert D. Durham, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs was Kulongoski, Heid, Durham & Drummmonds, Eugene.

Mark C. McClanahan, Portland, argued the cause for respondent - cross-appellant. With him on the brief were P. Conover Mickiewicz and Miller, Nash, Yerke, Wiener & Hager, Portland.

Before Gillette, Presiding Judge, and Richardson and Warden, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

■ Defendant Portland Association of Teachers (PAT) appeals from a trial court decree enjoining it and an arbitrator, defendant Edward Clark, Jr.,[1] from proceeding to arbitrate a labor relations grievance brought by a member of PAT against the plaintiff school district. All substantive issues between the parties have been resolved in another case, *Portland Association of Teachers v. Portland School District No. 1*, 55 Or App 236, 637 P2d 1308 (1981), *rev den* 293 Or 103 (1982), involving judicial review of an order of the Employment Relations Board (ERB). PAT nonetheless continues to seek appellate review of certain *procedural* rulings made in the present case.[2]

This case would admit of either a long answer or a short one. We choose the short one. PAT maintains that the trial court erred in granting an injunction in this case. It advances alternative theories: (1) the court had *no* jurisdiction over the subject matter of this case, inasmuch as ERB has *exclusive* jurisdiction over public employer labor disputes of this kind; (2) in any event, and even if ERB's jurisdiction is merely *primary* rather than *exclusive,* the trial court should have declined to exercise its equitable jurisdiction while ERB remained a proper forum for the resolution of the parties' substantive labor law dispute.

The District, although appearing to agree that ERB had at least primary jurisdiction, nonetheless argues that it was entitled to injunctive relief because, were it to await an exhaustion of administrative remedies, it would suffer irreparable injury.

■ Assuming without deciding that ERB's jurisdiction over these cases is merely primary rather than exclusive, we conclude that the District has failed to show any irreparable injury that would justify judicial intervention in this case. The trial court abused its discretion, and therefore erred, in issuing an injunction.

The decree is reversed, and the cause is remanded with instructions to dismiss the case.

---

[1] Defendant Clark is not a party to this appeal.

[2] This case is not moot because, in addition to granting a part of the injunctive relief requested, the trial court awarded plaintiff *costs,* to be paid by PAT.