Argued September 16, affirmed October 14, 1974

REDMOND SCHOOL DISTRICT NO. 2J,
*Petitioner, v.* PUBLIC EMPLOYE RELATIONS
BOARD ET AL, *Respondents.*

527 P2d 143

*Bruce Bischof,* Lake Oswego, argued the cause and filed the brief for petitioner.

*Theodore R. Kulongoski,* Eugene, argued the cause and filed the brief for respondent Redmond Education Association.

No appearance for respondent Public Employe Relations Board.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

The Redmond School District appeals from an order of the Public Employe Relations Board (PERB) directing the School District to reopen labor negotiations with the Redmond Education Association prior to the termination date of an existing contract for the purpose of negotiating on issues not covered in the existing contract.

In January 1973 the Education Association and the District entered into a three-year agreement covering "all issues on which consultation is required by law" and which provided: "* * * The agreement will be open for annual consultation regarding cost of living changes * * *." The District claims that this provision should be interpreted as providing that only cost of living changes could be the subject of labor negotiations during the term of the contract.

The items concerning which PERB directed the District to negotiate at the request of the Association were items which, at the time the existing agreement was reached, by statute the District was not required

to negotiate. Six months after the effective date of the contract new statutes went into effect (Oregon Laws 1973, ch 536, pp 1166-1170), ORS 243.650 to 243.672, which specifically made these items the subject of collective bargaining. PERB, relying principally upon cases from other jurisdictions interpreting federal law, held that since there was no clause in the contract specifically prohibiting reopening as to matters not considered during negotiations, such must be done at the request of the Association. We need not and do not decide whether the law of Oregon is that broad. We see no persuasive reason why, in the absence of an express contractual provision to the contrary, an issue which was not the subject of negotiation, and which by law could not have been the subject of negotiation, except at the sufferance of one of the parties, should not be negotiable immediately upon a change in the law broadening it to include the right to bargain on that issue.

■ The District argues that Oregon Laws 1973, ch 536, § 38, p 1185 (not codified), is to the contrary. It reads:

> "Nothing in this Act affects a collective bargaining agreement made before the effective date of this Act."

We do not so interpret Section 38. The purpose of Section 38 appears to be continuity and the avoidance of the disruptions which would result if all previously negotiated contracts were suddenly abrogated. But this purpose can still be accomplished without requiring teachers to wait for the expiration of their contracts before exercising their newly granted legal right to bargain collectively about additional matters. Existing contracts can be enforced as written while allowing

bargaining on subjects which were not discussed or covered and concerning which teachers could not have required negotiation.

Affirmed.