Argued and submitted February 11, affirmed March 30,
reconsideration denied April 23,
petition for review denied December 29, 1981 (292 Or 334)

# CITY OF LA GRANDE,
## *Petitioner,*
### *v.*
# INTERNATIONAL ASSOCIATION OF
# FIREFIGHTERS, LOCAL 924 et al,
## *Respondents.*

### (No. C 279-79, CA 19279)

626 P2d 1

Eric W. Valentine, La Grande, argued the cause for petitioner. With him on the briefs was Helm & Valentine, La Grande.

William N. Kent, Eugene, argued the cause for respondent International Association of Firefighters, Local 924. With him on the brief was Gary K. Jensen, P.C., Eugene.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Relations Board.

Before Richardson, Presiding Judge, and Thornton and Young, Judges.

RICHARDSON, P. J.

## RICHARDSON, P.J.

The City of La Grande appeals from an order of the Employment Relations Board (ERB), holding that the city committed an unfair labor practice by refusing to bargain with the representative of the city's firefighters pursuant to the Public Employes Collective Bargaining Act (ORS 243.650 to 243.782), and by insisting instead that bargaining be conducted in accordance with city charter and ordinance provisions. *See* ORS 243.672(1)(e). The city contends that ERB erred on the merits, that ERB had no jurisdiction and that the controversy was not ripe.

The city's challenge to the merits of ERB's decision is based on arguments, with some insubstantial variations, which this court has previously rejected *(see, e.g., Medford Firefighters Assn. v. City of Medford,* 40 Or App 519, 595 P2d 1268, *rev den* 287 Or 507 (1979); *City of Roseburg v. Roseburg City Firefighters,* 50 Or App 188, 622 P2d 755 (1981)), and those arguments do not warrant further discussion. However, the jurisdictional and ripeness issues do require comment.

■ The city makes three basic contentions. First, it argues:

"* * * Neither the Public Employes Collective Bargaining Act (PECBA) nor the rules of the ERB empowered the ERB to analyze city charters and ordinances for compliance with state statute. Nor does PECBA expressly forbid cities from enacting collective bargaining provisions that meet the goals of that particular legislation.* * *"[1]

The city therefore contends that the consistency of the state and local provisions can only be determined in a judicial proceeding, and that ERB has no authority to consider that issue in acting on an unfair labor practice complaint. However, this court has held in *City of Roseburg* and, implicitly,

---

[1] ORS 243.772 provides:

"Any provisions of local charters and ordinances adopted pursuant thereto in existence on October 5, 1973, and not in conflict with the rights and duties established in ORS 240.060, 240.065, 240.080, 240.123, 243.650 to 243.782, 292.055, 341.290, 662.705, 662.715 and 662.785 may remain in full force and effect after the board has determined that no conflict exists."

The statute does not apply here because the city provisions were adopted after October 5, 1973.

in *City of Medford,* that local provisions--like those in question--which depart from the arbitration requirements of the state Act are inconsistent with the Act. Consequently, in the present case, a decisive aspect of the compliance issue *has* been judicially resolved. ERB, therefore, is not foreclosed from determining that this particular noncompliance with the state Act was an unfair labor practice.

■ The city's second argument is that, at the time the union filed its complaint, the city had done no more than inform the union that it would bargain in accordance with the local provisions rather than the state Act, and the negotiations had not yet reached a point where the local and statutory procedures differed. The city accordingly argues that the complaint was not "ripe." ERB concluded:

"\* \* \* [E]ven good faith bargaining is directly affected by the procedures and steps which are superimposed on the negotiations process. \* \* \* The bargaining process, pre-impasse, is directly and legitimately affected by the entire set of governing procedures."

We agree with ERB that the complaint was ripe, because the bargaining process is influenced from the outset by the rules the parties anticipate will control later phases of the process.

■ The city's final argument is that it did not commit an unfair labor practice by refusing to bargain pursuant to the state Act, because ORS 243.650(4) provides, as relevant, that the obligation to bargain in good faith "does not compel either party to agree to a proposal or require the making of a concession." Therefore, the city reasons, it was not required to agree or concede that the statutory rather than local bargaining procedures were applicable. We do not share the city's understanding that ORS 243.650(4), by providing that no party is compelled to reach agreement in the bargaining process, excuses parties from agreeing to bargain in accordance with applicable requirements of the Act.

Affirmed.