Submitted on record and briefs May 5, affirmed January 25, 1982

CITY OF LA GRANDE,
*Appellant,*

*v.*

LA GRANDE POLICE ASSOCIATION et al,
*Respondents.*

(No. 26363, CA 19360)

639 P2d 661

Eric W. Valentine, and Helm & Valentine, La Grande, filed the brief for appellant.

Brian E. Williams, Salem, filed the brief for respondent La Grande Police Association.

Dave Frohnmayer, Attorney. General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Al J. Laue, Assistant Attorney General, filed the brief for respondent Employment Relations Board.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is a declaratory judgment action by the city of La Grande against the La Grande Police Association (Association) and the Employment Relations Board. The essential relief sought by the city was to have its charter and ordinance provisions relating to collective bargaining, rather than the Public Employe Collective Bargaining Act (ORS 243.650 to 243.782) (PECBA), declared applicable to a pending dispute between the city and the Association, which is the exclusive bargaining representative of the city's police personnel. The trial court granted defendants' motions for summary judgment and gave them injunctive relief.

The city appeals, contending generally that the displacement of the city provisions by the PECBA procedures violates the home rule provisions of the Oregon Constitution, Art XI, § 2; *see also,* Art IV, § 1(5). Identical or substantially similar contentions by this and other cities have been conclusively rejected by the Supreme Court and this court. *See City of Roseburg v. Roseburg City Firefighters,* 292 Or 266, 639 P2d 90 (1981); *City of La Grande v. Firefighters,* 51 Or App 403, 626 P2d 1, *rev den* 292 Or 334 (1981).

The city also argues that the trial court erred by granting summary judgment, because there were disputed material factual questions in the case. According to the city, the answers to those questions bear whether "the state collective bargaining law, specifically the impasse resolution provisions, [are] irreconcilable with the City of La Grande's freedom to choose its own political form." In our view, that issue was decided adversely to the city's position, as a matter of law, in the *City of Roseburg* case and in *City of La Grande v. Firefighters, supra.* The factual questions the city delineates are therefore not material to the resolution of the legal issue.

Affirmed.