Argued and submitted October 14, 1987, affirmed June 1, 1988

## AFSCME LOCAL 2505,
*Petitioner,*

*v.*

## OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

(ERB UC-68-86; CA A42519)

755 P2d 148

Monica A. Smith, Portland, argued the cause for petitioner. With her on the brief was Kulongoski, Durham, Drummonds & Colombo, Portland.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioner is the exclusive collective bargaining representative for employes of the Oregon Liquor Control Commission (OLCC), including liquor enforcement inspectors. After unsuccessful collective bargaining negotiations, petitioner filed a request with ERB to initiate binding interest arbitration, which is available when the bargaining unit includes employes who are prohibited from striking. ORS 243.742; *AFSCME v. Executive Dept.*, 52 Or App 457, 628 P2d 1228, *rev den* 291 Or 771 (1981). Petitioner contends that the liquor enforcement inspectors are prohibited from striking, because they are "police officers" under ORS 243.736(1), which provides:

> "It shall be unlawful for any emergency telephone worker, police officer, firefighter or guard at a correctional institution or mental hospital to strike or recognize a picket line of a labor organization while in the performance of official duties."

ERB concluded that the employes are not police officers within the meaning of the statute and denied the request to compel arbitration. Petitioner seeks review of ERB's order. We affirm.

They advise us that, after ERB's decision, the parties reached an accord and entered into a collective bargaining agreement. Consequently, petitioner seeks reversal only of ERB's conclusion that the inspectors do not come within ORS 243.736(1) and does not ask that we reverse ERB's ruling on the request to compel arbitration. We inquired at oral argument whether the case was moot. We agree with petitioner that it is not.

A similar mootness question was presented in *Eugene Education Assoc. v. Eugene School Dist. 4J*, 91 Or App 78, 754 P2d 580 (1988). In that case, the issue was whether a proposal made by the union was a prohibited subject of bargaining. ERB concluded that it was not and issued an order that the school district cease and desist from refusing to bargain over the subject. After the district petitioned for judicial review, the parties reached an agreement which did not include the union's proposal. We rejected the union's contention that the issue was moot and concluded that ERB's order "would remain effective between the parties in any future negotiation" in which the proposal surfaced. 91 Or App at 80 n 1.

Although ERB's order here is negative in form, it would nevertheless have a comparable impact on future bargaining.

*City of La Grande v. Firefighters,* 51 Or App 403, 626 P2d 1, *rev den* 292 Or 334 (1981), is also analogous. We held there that the parties' underlying dispute over whether state statutory or local bargaining procedures were applicable was ripe for decision, even though the "negotiations had not yet reached a point where the local and statutory procedures differed," because the "bargaining process is influenced from the outset by the rules the parties anticipate will control later phases of the process." 51 Or App at 406. For the same reasons, the consummation of the agreement here does not eliminate the effect of the parties' disagreement over the inspectors' status on their relations under the contract or on continuing negotiations and disputes which may occur during the life of the agreement. *See Redmond Sch. Dist. v. PERB,* 19 Or App 212, 527 P2d 143 (1974).

■ On the merits, petitioner's argument is essentially that the inspectors are treated as "police officers" for purposes of retirement benefits, ORS 237.003(11)(c); that they have the statutory authority of "peace officers" in enforcing the liquor control statutes and rules, *see* ORS 471.775(2); and that their functions and training are similar to those of police officers. However, as ERB's order points out, the inspectors do not come within the definition of "police officer" in ORS 181.610(6) and do not fall within any of the other general statutes pertaining to police officers, except retirement benefits. Significantly, ERB has previously held that certain other employes who are subject to those provisions are not police officers for purposes of ORS 243.736. *See Teamsters Local No. 324 v. Department of General Services,* 7 PECBR 6299 (1984).

ERB further concluded:

"[The inspectors] have the authority of peace officers when carrying out their duties, ORS 471.775(2), although they are not designated as 'peace officers' by statute, ORS 133.005(3) and 161.015(4). In ORS 181.610(4), the legislature describes three kinds of 'law enforcement' duties. Pertinent to this case is '[d]etecting crime and enforcing the criminal laws of this state * * *[.]' ORS 181.610(4)(a). When read together, ORS 181.610(4) and (6) indicate that the legislature views the 'focal job duties' of a police officer to be to detect crime and enforce *the* criminal laws of this state. In other words, we

believe the legislature's use of 'police officer' as a general term conforms with the dictionary description of a member of a 'police force'; that is, a member of 'a body of trained officers and men entrusted by a government with maintenance of public peace and order, enforcement of laws, and prevention and detection of crime.' *Webster's New Collegiate Dictionary,* G. & C. Merriam Co. (1977). Thus, a 'police officer,' in the usual sense of the word, has the authority and duty to enforce *all* criminal statutes and to maintain public order generally. The focal duty of the [inspectors], based on the record in this case, is to ensure compliance with the Liquor Control Act and the administrative rules of the OLCC. Concerning the maintenance of public order generally and the enforcement of all criminal laws of this state—as opposed to certain statutes dealing with liquor control, the [inspectors] have no more responsibility or authority than does any private citizen.

"Concerning the policy that underlies ORS 243.736, 'the legislature intended to include in the absolute prohibition against strikes only those public employes whose job duties are such that it is apparent, without a case-by-case determination, that a strike would create a public danger or threat.' *AFSCME v. Executive Dept., supra,* 52 Or App at 482. We simply are not persuaded that a strike by [inspectors] would 'pose the type of immediate public danger that the statute contemplates.' *AFSCME v. Executive Dept., supra,* 52 Or App at 482. There is no evidence from which we can infer that immediate public safety or order would be jeopardized if [inspectors] ceased their enforcement duties. To the extent that lack of OLCC supervision resulted in 'street' violations, other police agencies would be present and have the duty to deal with such problems.

"In conclusion, we do not find that the legislature, through statutes, has treated the [inspectors] as police officers in significant ways other than for retirement purposes, that the focal job duties of [inspectors] are substantially the same as those of police officers, or that it would further the underlying legislative policy of ORS 243.736 to prohibit strikes by [inspectors]. Consequently, we find that [inspectors] are not 'police officers' for purposes of ORS 243.736." (Footnotes omitted; emphasis in original.)

We agree. *See AFSCME v. Executive Dept., supra,* 52 Or App at 474-76.

Affirmed.