Argued and submitted October 14, petition for judicial review dismissed as moot
November 30, 1988

PORTLAND ASSOCIATION OF TEACHERS et al,
*Respondents,*

*v.*

PORTLAND SCHOOL DISTRICT NO. 1,
*Petitioner.*

(UP-114-86; CA A47007)

764 P2d 965

William H. Walters, Portland, argued the cause for petitioner. With him on the briefs were Donna M. Cameron and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Robert D. Durham, Portland, argued the cause for

respondents. On the brief was Durham, Drummonds, Smith & Wiser, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Portland School District No. 1 (District) seeks review of an order of the Employment Relations Board (ERB) in this unfair labor practice proceeding. ERB ordered District to arbitrate a grievance in which respondents asserted that the District violated the collective bargaining agreement between District and respondent Portland Association of Teachers (PAT) when it removed respondent Gray as head basketball coach of Benson High School. We dismiss the petition for judicial review as moot.

In March, 1986, District removed Gray as coach; he remained a full-time teacher at the school. Gray and PAT filed a grievance under the collective bargaining agreement, asserting that District's action constituted race and age discrimination against Gray. The contractual grievance process proved fruitless, and PAT demanded arbitration. District refused on the ground that the grievance was not arbitrable. PAT then filed this unfair labor practice complaint to compel District to arbitrate. On November 25, 1987, ERB issued an order on reconsideration in which it ordered District to arbitrate. District sought judicial review of that order.

In September, 1987, Gray filed a civil rights action in federal court against District, alleging race and age discrimination. The case went to trial in May, 1988, and Gray received a favorable verdict. The parties thereafter agreed to settle all the cases relating to Gray's removal as coach. As part of that settlement, PAT and Gray withdrew the grievance, which was then pending before an arbitrator, with prejudice. Paragraph 11 of the settlement agreement provides in part:

> "This settlement agreement does not affect the continuation of [the unfair labor practice] litigation and appeal, and all further appeals or actions upon any disposition may be pursued by the parties to this agreement."

■ Because of the settlement, Gray's grievance no longer exists, and there would be nothing for an arbitrator to decide. District points out that PAT and it continue to disagree over the arbitrability of discrimination cases that involve only extra duties such as coaching. That disagreement, District argues, means that this case is not moot. The problem with District's argument is that this is not a declaratory judgment action. ERB had jurisdiction to decide the merits of a specific

unfair labor practice complaint. That complaint no longer has any life, and as a result neither ERB nor we retain any jurisdiction to decide the issue that District would like us to decide.

■     In *Eugene Education Assoc. v. Eugene School Dist. 4J,* 91 Or App 78, 80 n 1, 754 P2d 580 (1988), ERB had ordered a school district to bargain over a specific proposal. We held that that order was not moot even though the district and the union had negotiated an agreement that did not include the challenged provision. The basis for our conclusion was that the order would remain in effect for future negotiations if the union made the same proposal again. The Supreme Court, without pointing out what errors it found in our reasoning, vacated our decision and remanded the case to us with instructions to dismiss it as moot. *Eugene Education Assoc. v. Eugene School Dist. 4J,* 306 Or 659, 761 P2d 524 (1988). It seems clear from the Supreme Court's action that an ERB case is moot, despite a continuing dispute between a union and an employer over the meaning or legality of a contractual provision or proposal, if there are no longer any specific rights of specific parties at issue. No such rights remain at issue in this case.[1]

Petition for judicial review dismissed as moot.

---

[1] Paragraph 11 of the settlement agreement does not affect this conclusion. The parties cannot by their agreement confer jurisdiction on us.