Argued and submitted December 18, 1992, affirmed November 3, 1993

# CLACKAMAS COUNTY,
*Respondent,*

*v.*

# FEDERATION OF OREGON PAROLE AND PROBATION OFFICERS,
*Petitioner.*

(UP-91-91; CA A75301)

862 P2d 114

Daryl S. Garrettson argued the cause for petitioner. With him on the brief was Aitchison, Hoag, Vick & Tarantino.

David W. Anderson, Assistant County Counsel, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Petitioner, the exclusive bargaining representative for parole and probation officers employed by Clackamas County, seeks review of the Employment Relations Board's (ERB) order holding that the employees are not the equivalent of "police officers" within the meaning of ORS 243.736, that they are not prohibited from striking and, therefore, that petitioner committed an unfair labor practice "by insisting that the collective bargaining dispute between the parties be resolved through binding interest arbitration." ORS 243.672(2)(b), (c).

Petitioner acknowledges that ERB's result is consistent with its decision in *FOPPO v. Multnomah County and AFSCME Local 88*, Case No. RC-6-91, 13 PECBR 234 (1991). Petitioner argues that that case was wrongly decided and that, in any event, the findings there are distinguishable from the facts proven here. In *Multnomah County*, ERB reversed several years of contrary ERB precedent, but that does not establish that it was erroneous. We sustained a similar rationale in *AFSCME Local 2505 v. OLCC*, 91 Or App 385, 388, 755 P2d 148 (1988) (liquor enforcement inspectors are not strike-prohibited employees) and *AFSCME v. Executive Dept.*, 52 Or App 457, 477, 628 P2d 1228, *rev den* 291 Or 771 (1981) (same conclusion for prison employees not hired to maintain prison security). ERB's interpretation of the term "police officer" here is not erroneous.

ERB's findings do not mirror those in *Multnomah County*, but substantial evidence supports the findings, and the order adequately explains why ERB's conclusion follows from the findings. *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975). We find no error.

Affirmed.