Argued and submitted March 13, motion to dismiss denied; affirmed on judicial review May 13, 1992

## AFSCME COUNCIL 75,
### Bill McKinley and Hugh Carrier,
*Respondents,*

*v.*

## CITY OF SALEM,
*Petitioner.*

(UP-2-91; CA A71435)

830 P2d 603

Paul A. Lee, Assistant City Attorney, Salem, argued the cause for petitioner. With him on the brief was William J. Juza, City Attorney, Salem.

Monica A. Smith, Portland, argued the cause for respondents. With her on the brief was Bennett & Hartman, Portland.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The City of Salem (City) seeks review of an Employment Relations Board order ruling that City had violated ORS 243.672(1)(g) by refusing to submit a grievance to arbitration and directing City to cease and desist from its refusal. The grievance was filed by AFSCME, the exclusive representative of certain city employees, and asserted that City had violated the collective bargaining agreement by refusing to accord and recognize the permanent status of two employees whom City classified as "seasonal." Article 1 of the agreement, the recognition clause, provides that AFSCME is the representative of "career status employees," but excludes certain employees, including seasonal employees, and provides that they are not covered by the agreement. Section 1.3 defines "seasonal":

> "For purposes of this contract a seasonal position is limited to nine full calendar months of service."

The crux of the grievance is AFSCME's contention that City has hired the employees into successive seasonal positions and has refused to recognize that they have thereby acquired permanent status and become members of the bargaining unit.

Section 18.1 of the agreement provides:

> "As used in this contract, the term 'grievance' means any claim by or on behalf of a particular employee or party to this contract that such claimant's rights, benefits, privileges, or interests under this contract have been violated or that this contract has been misapplied to such claimant in a particular case."

The agreement then sets out a four-step grievance procedure, culminating in compulsory arbitration. Under section 18.7(e):

> "The scope of the arbitration shall be limited to issues of fact and the disputed application and interpretation of this contract as raised by the aggrieved employee at Step 1 and as presented through the various appeal steps in this procedure, including the Step 3 response."

Steps 1 through 3 have been completed here.

The history of the parties' collective bargaining is relevant to one of City's arguments. ERB found:

"During negotiations for the 1988-91 agreement, AFSCME proposed that disputes concerning the inclusion or exclusion of positions in the bargaining unit be processed as grievances under the terms of the collective bargaining agreement. AFSCME contended that the City had abused Personnel Rule 5.08(c)(2) by appointing employees to seasonal positions, laying them off for short periods of time and then reappointing them to different seasonal positions with the City. The intent of AFSCME's proposal was to allow the union to resolve these claimed abuses through the contract grievance process. The City opposed AFSCME's proposal."

That disagreement was resolved in an earlier arbitration, which resulted in rejection of AFSCME's proposal to include the specific provision in the agreement.

In deciding that the present dispute is arbitrable, ERB relied on the test that it articulated in *Luoto v. Long Creek School Dist. No. 17*, 9 PECBR 9314, which we affirmed without discussing the question, 89 Or App 34, 747 P2d 370 (1987), *rev den* 305 Or 576 (1988). It noted in this case:

"This test creates a 'presumption of arbitrability' that can only be overcome by contract language which expressly excludes the grievance from arbitration or by forceful evidence that the parties intended to exclude the grievance from arbitration."

ERB found no rebuttal of the presumption here in either the language of the agreement or the bargaining history. It said, concerning the latter issue:

"The parties' pre-contract negotiations history does not provide the kind of forceful evidence needed to overcome the presumption of arbitrability raised by the language of the arbitration clause. In *Portland Assn. of Teachers and Gray v. Portland Sch. Dist. No. 1*, Case No. UP-114-86, 10 PECBR 215, 230 (1987), we discussed the value of such evidence concerning the parties' negotiations:

" 'Evidence of bargaining history concerning an agreement of the parties that a certain dispute would not be subject to arbitration is relevant, of course, to this Board's arbitrability determination. Even so, because of the "presumption of arbitrability" we adopted in *Long Creek School District*, only the most forceful evidence of a

purpose to exclude the claim from arbitration can prevail.
* * *'

"Here, the record shows that AFSCME proposed that disputes about an individual's status as a bargaining unit member be resolved through the grievance procedure. The City opposed the proposal, and the matter was ultimately resolved by an interest arbitrator. Based on this sequence of events, we cannot conclude that AFSCME and the City mutually agreed that grievances about an employee's bargaining unit status would be excluded from arbitration."

City argues that ERB misconstrued the agreement and, because it failed to accord due weight to the negotiating history, its decision that the presumption of arbitrability was not rebutted is not supported by substantial evidence in the whole record. City's contractual argument presupposes that the two employees are seasonal; therefore, they are not covered and may not invoke the arbitration provision of the agreement. We agree with ERB that that argument anticipates the merits of the dispute and does not bear on its arbitrability. *See Luoto v. Long Creek School Dist. No. 17, supra,* 89 Or App at 38-39; *Willamina Sch. Dist. 30J v. Willamina Ed. Assn.,* 60 Or App 629, 636-37, 655 P2d 189 (1982). Moreover, the agreement does not by its terms limit the availability of the dispute resolution procedure to grievances that are initiated by covered employees; "grievance" is defined to include claims on behalf of employees and claims by any party. We agree with ERB that the grievance is over a matter concerning the "application and interpretation" of the agreement and relates to both AFSCME's and the two employees' "rights, benefits, privileges, or interests" under the agreement. Nothing in the language of the agreement overcomes the presumption that this is an arbitrable dispute. Indeed, the language is unambiguous that the dispute *is* arbitrable, even leaving aside the presumption. That is all that we need decide. Given that conclusion, we need not reach the parties' arguments based on the negotiating history.

AFSCME has moved to dismiss the review as moot, because the arbitration proceedings have been conducted. That fact does not render moot ERB's conclusion that, by refusing to arbitrate, City committed an unfair labor practice.

Motion to dismiss denied; affirmed on judicial review.